IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00091-KDB

| | |
|---|---|
| **ANGELA LONG** **Plaintiff,** v. **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Angela Long's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). In this action, Plaintiff seeks judicial review of an unfavorable administrative decision denying her application for benefits under the Social Security Act (the "Act").

Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

### I. PROCEDURAL BACKGROUND

On May 28, 2020, Plaintiff filed claims for a period of disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act") alleging disability since December 23, 2019, due to, among other things, fibromyalgia and

migraine headaches (Tr. 15, 210-26, 276). The claim was denied initially and upon reconsideration. (Tr. 15). Following that denial, Plaintiff filed a written request for a hearing and ALJ Charles Howard (the "ALJ") held a telephone hearing on September 1, 2021, at which Plaintiff, her counsel and a vocational expert appeared. (*Id*.). On September 14, 2021, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act. (Tr. 15-26). The Appeals Council denied review of the ALJ's decision, (Tr. 1-3) and Plaintiff now timely seeks review of that decision in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process ("SEP") established by the Social Security Administration to determine if Ms. Long was disabled under the law during the relevant period.[1] At step one, the ALJ found that Ms. Long had not engaged in substantial gainful activity ("SGA") since her alleged onset date and at step two that she had the following medically determinable and severe impairments: fibromyalgia, rheumatoid arthritis, migraine headaches, and major depressive disorder (Tr. 18). However, at step three he found that, during the relevant period, none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 18).

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

Before proceeding to step four, the ALJ determined that Ms. Long would have the residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with no more than occasional climbing, stooping, kneeling, crouching, or crawling. The claimant should avoid concentrated exposure to temperature extremes, pulmonary irritants, or vibration, and she cannot perform more than frequent handling and fingering. Mentally, the claimant can understand and remember simple instructions, maintain concentration for simple tasks, adapt to routine change, and have no more than occasional interaction with the public, coworkers, or supervisors.

(Tr. 19). The ALJ then found at step four that Plaintiff was unable to perform any past relevant work (Tr. 24). At step five, however, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including inspector, marker, and shipping/receiving weigher. (Tr. 25). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Act during the relevant period (Tr. 26).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ––– U.S. –––, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id*. at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry,* 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty … lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' … [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' … To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards … but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, No. 19-1972, 2021 WL 667088, at *3 (4th Cir. Feb. 22, 2021).

ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. Id. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed,

## IV. DISCUSSION

Plaintiff makes two arguments against the ALJ's conclusion that she is not disabled. First, Plaintiff contends that the ALJ failed to apply the correct legal standards in evaluating the extent to which her fibromyalgia is disabling. Second, Plaintiff argues that the ALJ failed to adequately account for the alleged vocationally limiting effects of Ms. Long's migraine headaches in her RFC. Although the Court does not suggest by this remand whether Plaintiff should ultimately be found to have been disabled during the relevant period, the Court agrees with Plaintiff that the ALJ erred in applying the governing legal precedent, *Arakas v. Comm., Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020), to Ms. Long's fibromyalgia complaints. Therefore, the case must be remanded so that the ALJ may reconsider his decision in light of that ruling.[3]

---

[3] While the Court need not and does not reach Plaintiff's second argument concerning the ALJ's lack of attention to her migraine headaches in the RFC, the ALJ should also consider that argument on remand and make more explicit his conclusions in that regard.

In *Arakas*, the Court of Appeals reversed as legally erroneous a district court's affirmance of the denial of a claimant's application for disability benefits, which primarily relied on, as Ms. Long does here, her subjective complaints about pain and the disabling effects of fibromyalgia. The opinion describes fibromyalgia as "'a disorder of unknown cause' characterized by 'chronic widespread soft-tissue pain' particularly in 'the neck, shoulders, back, and hips, which is aggravated by use of the affected muscles' and 'accompanied by weakness, fatigue, and sleep disturbances,'" *Id*. 91 (citation omitted), and notes that "[f]ibromyalgia 'symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.'" *Id*., quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996).

Based on the "unique nature of fibromyalgia," *id*. at 95, the court held that "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia," explaining that "[o]bjective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease." *Id*. at 97-98. Finding that the ALJ's evaluation of plaintiff's fibromyalgia was based, at least in part, on the lack of objective evidence supporting her subjective complaints (i.e. an incorrect legal standard), the court concluded it was erroneous. *Id*.

While the ALJ here ultimately found – based on Long's subjective complaints of pain – that her condition required a RFC limited to "light work," (rather than the "medium work" suggested by some of the medical opinions), it appears that, contrary to *Arakas*, the ALJ in fact relied on the "normalcy" of various objective medical findings in making his conclusion that Long was not disabled. For example, the ALJ noted that Ms. Long was positive in twelve of

eighteen tender points on April 17, 2020, and then also stated "but she had full range of motion in the spine and major joints," with unremarkable x-rays. AR 20. Further, in summing up his view of Ms. Long's condition, the ALJ wrote:

> The claimant has a history of fibromyalgia, and physical examinations have routinely revealed widespread tender points. However, the claimant has not consistently demonstrated significant range of motion limitations, weakness, sensory loss, synovitis, or gait abnormalities ..

Tr. 23. Even more directly, the ALJ discounted the opinions of Plaintiff's treating physicians, which he determined to be "unpersuasive" because "[a]lthough their examinations revealed multiple tender points, consistent with fibromyalgia, the exams failed to consistently reveal range of motion limitations, weakness, manipulation difficulties, or mobility problems." Tr. 24. Therefore, the ALJ's decision reflects that he erroneously relied, at least in part, upon the normal objective findings from Plaintiff's physical evaluations to evaluate the severity, persistence, and limiting effects of her fibromyalgia. *See Arakas*, 983 F.3d at 98. Accordingly, this matter will be remanded to the Commissioner for reconsideration.

Again, in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Ms. Long's reconsidered application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

## V. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 30, 2022

Kenneth D. Bell
United States District Judge

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).